UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMISON,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　Civil Case No. 14-cv-13847
　　　　　　　　　　　　　　　　　　　Honorable Linda V. Parker

ANNA MARIE ANZALONE,
BURKE CASTLEBERRY,
JOANNE HOLLY, TIMOTHY
PICKARD, and LARRY D. PATTON,

       Defendants.
_____/

**<u>OPINION AND ORDER GRANTING MOTION TO DISMISS ON BEHALF OF DEFENDANTS ANZALONE, CASTLEBERRY AND PICKARD AND SUA SPONTE DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS HOLLY AND PATTON PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A</u>**

    Plaintiff is a Michigan prisoner currently serving sentences for convictions of lying to a peace officer in the Circuit Court for Lenawee County, Michigan. In this lawsuit, filed October 6, 2014, he is suing the following individuals: the state court judge who presided over the criminal proceedings, the Honorable Timothy Pickard,("Judge Pickard"); the Lenawee County Prosecuting Attorney who handled the criminal case, Burke Castleberry ("Prosecuting Attorney Castleberry"); Plaintiff's defense counsel in the criminal case, Anna Marie Anzalone ("Attorney Anzalone"); Lenawee County Probation Officer Joanne Holly

("Officer Holly"); and Supervisor of the Lenawee County Probation Department, Larry Patton ("Supervisor Patton") (collectively "Defendants").  Plaintiff claims that Defendants violated the Federal Rules of Evidence, his rights under the United States Constitution, and Michigan Court Rule 6.425 due to the admission of the contents of a polygraph in his presentence report.[1]  (ECF No. 1 at Pg ID 3.)  Plaintiff has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1).  (ECF No. 5.)

Presently before the Court is a motion to dismiss filed by Judge Pickard, Attorney Anzalone, and Prosecuting Attorney Castleberry pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 20, 2014.  (ECF No. 6.)  Plaintiff filed a response to the motion on October 28, 2014.  (ECF No. 8.)  For the reasons that follow, the Court grants the motion and sua sponte dismisses Plaintiff's claims against Officer Holly and Supervisor Patton pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.[2]

---

[1]Plaintiff also lists 88 A.L.R. 3d 227 in his Statement of Claims.  (ECF No. 1 at Pg ID 3.)  This is a treatise of the law.  It is not a basis for a claim under state or federal law.

[2]Plaintiff filed a complaint against Prosecuting Attorney Castleberry and the Lenawee County Prosecutor's Office shortly before initiating the present action, which currently is pending before the Honorable Gerald E. Rosen.  *Jamison v. Lenawee County Prosecutors Office*, No. 14-cv-13659 (E.D. Mich. filed Sept. 19,
(continued...)

## Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal where the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

When assessing whether a plaintiff has set forth a "plausible" claim, the

---

[2](...continued)
2014.) That lawsuit also asserts violations of state and federal law resulting from the introduction of Plaintiff's polygraph results in his presentence report. In that lawsuit, the defendants have filed a motion to consolidate the two actions. They also have filed a motion to dismiss. Judge Rosen has not decided either motion and thus this Court is resolving the motion to dismiss pending here.

district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Under the Prison Litigation Reform Act of 1996, a district judge is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## Plaintiff's Claims Against Judge Pickard

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)) "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" *Pierson*, 386 U.S. at 554. Moreover, a judge is absolutely immune from liability for his or her judicial acts even if the exercise "of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This immunity extends to state and federal judges alike and it applies equally to actions alleging a violation of the United States Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).

The immunity accorded to judicial officers is overcome in only two sets of circumstances. Judges are not immune from liability arising from non-judicial actions nor are they "immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991) (citations omitted). Neither circumstance is applicable to the conduct of which Plaintiff complains in this case and therefore the judicial immunity accorded to Judge Pickard is not overcome. In other words, Plaintiff's claims against Judge Pickard are barred by judicial immunity.

### Prosecuting Attorney Castleberry

A prosecutor also is absolutely immune from suit, including suits seeking monetary relief, for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Burns v. Reed*, 500 U.S. 478, 491 (1991) (quoting *Imbler*); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). "Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or

maliciously.  *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989).  In fact in *Imbler*, the Supreme Court found the prosecutor's knowing use of false testimony and the suppression of material evidence at the defendant's criminal trial to be "intimately associated" with the judicial phase of the criminal process, thereby triggering absolute immunity.  424 U.S. at 413, 430.

Prosecuting Attorney Castleberry is entitled to absolute immunity here.  Plaintiff's allegations against him arise from the actions that took place during Plaintiff's criminal prosecution and sentencing.

## Attorney Anzalone

To successfully establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law.  *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Plaintiff is suing Attorney Anzalone for her conduct as his defense counsel in the criminal proceedings.  Attorney Anzalone was not "acting under color of state law" in that capacity and thus any claim against her under § 1983 fails as a matter of law.  *See Polk Cnty v. Dodson*, 454 U.S. 312, 315, 325 (1981) (explaining that "a jurisdictional requisite for a § 1983 action" is that the defendant was acting under color of state law and finding that "a public defender does not act under color of

state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding the same with respect to a court appointed defense attorney).

There is no state law claim for damages against individuals or municipalities based on alleged violations of Michigan's constitution. *Jones v. Powell*, 612 N.W.2d 423, 426 (Mich. 2000); *Bennett v. Detroit Police Dep't*, 732 N.W.2d 164, 170 n.3 (Mich. Ct. App. 2006). There is no private cause of action for an alleged violation of the Michigan Rules of Evidence, Michigan Compiled Laws Section 771.14, or Michigan Court Rule 6.425. To the extent Plaintiff is alleging that Attorney Anzalone provided ineffective assistance of counsel in the criminal proceedings, such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as a resolution in Plaintiff's favor would necessarily imply the invalidity of his convictions or sentence. *See Franklin v. Apelgren*, No. 1:13-cv-1356, 2014 WL 204127, at *3 (W.D. Mich. Jan. 17, 2014) (citing, *Mouton v. Louisiana*, No. 13-30128, 2013 WL 6018986, at *1 (5th Cir. Nov. 14, 2013) (claims of ineffective assistance of counsel, prosecutorial misconduct, trial court error, judicial misconduct, juror misconduct and wrongful incarceration all are barred by *Heck*); *Spuck v. Clearfield Cnty.*, No. 13-2490, 2013 WL 4735057, at *1 (3d Cir. Sept. 4,

2013); and *Baldwin v. O'Connor*, 466 F. App'x 717, 717–18 (10th Cir.2012)).

Although not addressed in the pending motion to dismiss, Plaintiff's Complaint could be construed as raising a legal malpractice claim against Attorney Anzalone. (ECF No. 1 at Pg ID 3.) To the extent Plaintiff is asserting such a claim, the Court would have to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) to review it. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims where any federal claims on which the court's subject matter jurisdiction are based are dismissed prior to trial. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *see also* 28 U.S.C. § 1367(c)(3). The Court therefore will dismiss such a claim, to the extent asserted, without prejudice.

**Officer Holly and Supervisor Patton**

Shortly before initiating the pending action, Plaintiff filed an application in this District for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Lenawee County convictions and sentence. *Jamison v. Bergh*, No. 14-13658 (E.D. Mich. filed Sept. 19, 2014). Plaintiff asserted the inclusion of the polygraph results in his presentence report as a ground in support of his request for habeas relief. Pet. at 7, *Jamison*, No. 14-14658, ECF No. 1. The matter was

assigned to the Honorable Arthur J. Tarnow.  Judge Tarnow issued a decision summarily dismissing the habeas petition on December 2, 2014, holding in part that Plaintiff's allegations about the contents of his pre-sentence report do not state a violation of federal law.  *See* Order Summarily Dismissing the Habeas Pet. at 3, *Jamison*, No. 14-13658 (E.D. Mich. Dec. 2, 2014), ECF No. 7.  As Judge Tarnow indicated, " 'the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process.' " *Id.* (quoting *Hill v. Sciarrotta*, 140 F.3d 210, 216 (2d Cir. 1998) (brackets omitted)).  Judge Tarnow further held that such allegations "raise state law issues [only]." *Id.*

As indicated earlier, to state a viable civil rights claim under § 1983, a plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law.  *Block*, 156 F.3d at 677.  Judge Tarnow's holding in Plaintiff's habeas corpus action that his claims concerning the inclusion of information in his presentence report do not state a violation of federal law precludes Plaintiff from establishing the second element of a § 1983 claim here. *See Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 52 (3d Cir. 2014) (finding that the adjudication of the plaintiff's claim in a prior habeas corpus petition had preclusive effect in his civil rights action asserting the same claim); *Hawkins v. Risley*, 984 F.2d 321, (9th Cir. 1993) (same). Thus the Court is sua

sponte dismissing Plaintiff's federal claim against Officer Holly and Supervisor Patton pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

As also indicated earlier, any claim against Officer Holly or Supervisor Patton based on alleged violations of Michigan's Constitution, the Michigan Rules of Evidence, Michigan Compiled Laws Section 771.14, or Michigan Court Rule 6.425 fails to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated, the Court holds that Judge Pickard and Prosecuting Attorney Castleberry are entitled to immunity from Plaintiff's claims and Plaintiff's claims against these defendants are dismissed with prejudice. To the extent Plaintiff is asserting federal civil rights claims or claims alleging violations of the Michigan Rules of Evidence, Michigan Court Rules, or Michigan Compiled Laws Section 771.14 against Attorney Anzalone, Officer Holly, or Supervisor Patton, he fails to state a claim upon which relief may be granted and those claims also are dismissed with prejudice. The Court declines to assert supplemental jurisdiction with respect to any state law legal malpractice claim Plaintiff might be asserting against Attorney Anzalone. A Judgment consistent with this decision will issue.

Accordingly,

**IT IS ORDERED**, that the Motion to Dismiss on Behalf of Defendants Anzalone, Castleberry, and Pickard is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's claims against Defendants Holly and Patton are sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

> S/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: December 11, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 11, 2014, by electronic and/or U.S. First Class mail.

> S/ Richard Loury
> Case Manager